IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

HECTOR VARGAS                                                                                      PETITIONER

VS.                                    CIVIL NO.  2:16-cv-02120

BILL HOLLENBECK, Sheriff,
Sebastian County, Arkansas                                                                   RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Hector Vargas ("Vargas"), by and through his counsel, William Whitfield Hyman, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on May 27, 2016.  (Doc. 1) Respondent, Bill Hollenbeck ("Hollenbeck"), Sheriff of Sebastian County, Arkansas, filed his Response on June 8, 2016.  (Doc. 6)  Before the Court is the Petitioner's Motion for Voluntary Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2) filed June 9, 2016. (Doc. 8)

### I.  Background

Vargas alleged in his Petition that he was being detained by Hollenbeck on orders of federal authorities and was being held on an immigration charge.  (Doc. 1, ¶¶ 3, 4, 5)  He alleged that he was being held on an immigration (ICE) hold that exceeded 48 hours, and that Hollenbeck was refusing to release him after his ICE hold had expired. (Doc. 1, ¶ 6)  As grounds for his claim, Vargas alleged that he was found guilty of DWI and sentenced to six days jail by the Sebastian County District Court; that on day six of his sentence, an immigration hold went into place for 48 hours; that the 48 hour hold had since expired; and, that he must be released. (Doc. 1, ¶ 13)  Vargas claimed that his immigration case is irrelevant to the current detention.  (*Id.*)  For relief, Vargas requested that he be

released from custody immediately. (Doc. 1, ¶ 15)

An Order directing Hollenbeck to respond to the Petition was entered on June 1, 2016. (Doc. 3) That Order required a response within seven (7) days from the date of service, and it ordered Hollenbeck to appear on June 10, 2016 to show cause why the relief sought in the Petition should not be granted. (*Id*.) Hollenbeck was served with the Petition on June 3, 2016 (Doc. 5), and Hollenbeck filed his Response with this Court on June 8, 2016 (Doc. 6). In his Response, Hollenbeck alleges that he no longer has custody of Vargas as he was "released from the Sebastian County Detention Center to the custody of federal agents earlier this week." (Doc. 6, ¶ 3) The Response further states that counsel for Vargas had been contacted, and that Vargas' counsel stipulates that Vargas is no longer in Hollenbeck's custody. (Doc. 6, ¶ 4) Hollenbeck then asserts that because he does not have custody of Vargas that the Petition is moot. (Doc. 6, ¶ 5)

A telephone conference call with the parties' counsel was conducted by the undersigned on June 9, 2016. (Doc. 7) Counsel agreed that Vargas' claim against Hollenbeck was moot as Hollenbeck no longer had custody of Vargas. Vargas' counsel subsequently filed Plaintiff's Motion for Voluntary Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2) on June 9, 2016. (Doc. 8)

## II. Discussion

Vargas' Petition asserts that Hollenbeck was refusing to release him after an ICE hold had expired, and that he must be released. (Doc. 1, ¶¶ 6, 13) Hollenbeck's Response filed June 8, 2016 states that Vargas was released from the Sebastian County Detention Center to federal agents "earlier this week," and that he no longer has custody of Vargas. (Doc. 6, ¶¶ 3, 4) Hollenbeck asserts that Vargas' Petition is rendered moot as he no longer has custody of Vargas, and Vargas stipulates that

the matter is now moot.

The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). "[T]he language of § 2241(a) requires nothing more than that the court issuing the writ have jurisdiction over the custodian." *Id.* at 495. Hollenbeck no longer holds Vargas in custody at the Sebastian County Detention Center, as Vargas was released to federal agents. Accordingly, the matter has been rendered moot, and the undersigned recommends that Vargas' Motion for Voluntary Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2) be granted.

### III.  Conclusion

For the reasons set forth above, the undersigned finds that Vargas' Petition is moot, and it is recommended that Vargas' Motion for Voluntary Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2) be GRANTED, and that Vargas' Petition, filed under 28 U.S.C. § 2241, be **DISMISSED without PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of June, 2016.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE